[No. B031330. Second Dist., Div. Four. June 20, 1988.]

DANIELLE DeVITO, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Rogers & Harris and Michael Harris for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Marvin Goldsmith, Assistant Attorney General, Robert H. Francis and Joel A. Davis, Deputy Attorneys General, for Defendant and Respondent.

OPINION

GEORGE, J.—Plaintiff sued the State of California, the County of Los Angeles, the City of Los Angeles, and the Santa Monica Mountains

Conservancy because of personal injuries sustained when she fell while swinging from an object attached to a tree in Fryman Canyon. The State of California's demurrer to the first amended complaint was sustained without leave to amend. Plaintiff appeals from the order of dismissal entered as to the state,[1] contending Government Code section 831.7,[2] which provides governmental immunity for injuries sustained during hazardous recreational activities, does not bar her suit. For the reasons discussed below, we affirm the order (judgment) of dismissal.

## FACTS

Plaintiff's first amended complaint alleged that "[o]n or about December 7, 1986 plaintiff was hiking on the Dearing Trail in the rainforest section of Fryman Canyon, a portion of the Santa Monica Mountains Conservancy . . . ." She came upon a "fire hose . . . hung from a tree. . . . [¶] Plaintiff . . . swung from the hose, fell, and severely injured herself." Plaintiff alleged she was unaware of "the unique danger posed to any person who swung on such hose that a fall would be from a much greater height than was apparent because there was a steep drop off a ledge above which the hose was hung."

The complaint did not allege defendant had hung the hose from the tree but did allege "other ropes and similar instrumentalities . . . have existed in the same location in the Fryman Canyon rainforest for a period in excess of five (5) years," causing "frequent serious injuries." In each instance the rope or similar object had been hung from a tree limb "over a steep slope." Defendant's alleged negligence was in failing to "guard or warn of this known dangerous condition." Finally, the complaint alleged defendant "voluntarily assumed the duty of protecting the public from the hazard by agreeing to remove those instrumentalities," but failed to do so.

Defendant filed a demurrer on the grounds, among others, that section 831.7 provides governmental immunity for injuries sustained during "hazardous recreational activity" such as "tree rope swinging" (§ 831.7, subd. (b)(3)), and that the case of *Kuykendall* v. *State of California* (1986) 178 Cal.App.3d 563 [223 Cal.Rptr. 763], which also arose from a rope-swinging accident in the Fryman Canyon "rainforest," had "determined" that this

---

[1] The record on appeal does not disclose the status of the case as to the remaining defendants. Our further references to "defendant" are to defendant State of California.

[2] Further statutory references are to the Government Code unless otherwise noted.

Section 831.7 provides, in pertinent part: "(a) Neither a public entity nor a public employee is liable to any person who participates in a hazardous recreational activity . . . . [¶] (b) As used in this section, 'hazardous recreational activity' means a recreational activity conducted on property of a public entity which creates a substantial (as distinguished from a minor, trivial, or insignificant) risk of injury to a participant or a spectator. [¶] 'Hazardous recreational activity' also means: . . . [¶] (3) . . . tree rope swinging . . . ."

area is "unimproved land in a natural condition" within the meaning of the immunity provisions of section 831.2.[3]

The superior court sustained the demurrer without leave to amend on the grounds: "1. Plaintiff has not alleged facts sufficient to allege an injury caused by a dangerous condition of public property. [¶] 2. Plaintiff was injured while engaging in a hazardous recreational activity and the State of California is therefore immune from liability under Government Code section 831.7. [¶] 3. Plaintiff's injury occurred in an area previously adjudicated to be in a 'natural condition' of public property, and the State is therefore immune from liability under Government Code section 831.2."

DISCUSSION

I

APPLICABLE PRINCIPLES

■ "In reviewing a judgment of dismissal entered upon the sustaining of a demurrer without leave to amend, we treat the demurrer as admitting all material facts properly pleaded and all reasonable inferences which can be drawn therefrom. [Citations.] ■ The function of a demurrer is to test the sufficiency of a pleading by raising questions of law. [Citations.] ■ It is error to sustain a demurrer where a plaintiff has stated a cause of action under any possible legal theory. [Citations.] But it is not an abuse of discretion to sustain a demurrer without leave to amend if there is no reasonable possibility that the defect can be cured by amendment. [Citations.]" (*Von Batsch* v. *American Dist. Telegraph Co.* (1985) 175 Cal.App.3d 1111, 1117 [222 Cal.Rptr. 239].)

A cause of action for personal injuries may be stated against a public entity only if authorized by statute. (§ 815.) Section 835 states a public entity is liable for injury caused by a dangerous condition of public property if the public entity had actual or constructive notice of the condition a sufficient time prior to the injury to have been able to take corrective measures. We shall assume for purposes of this appeal the complaint in the present case is sufficient to state a cause of action under section 835, and proceed to determine whether two statutes providing governmental immunity are applicable: section 831.2, which provides immunity for injuries caused by natural conditions of unimproved public property, and section

---

[3] Section 831.2 states: "Neither a public entity nor a public employee is liable for an injury caused by a natural condition of any unimproved public property, including but not limited to any natural condition of any lake, stream, bay, river or beach."

831.7, which provides immunity for injuries which result from hazardous recreational activities.[4]

## II

### NATURAL CONDITIONS OF UNIMPROVED PUBLIC PROPERTY

Section 831.2 provides a public entity is immune from liability "for an injury caused by a natural condition of any unimproved public property . . . ." The complaint in the present case, however, does not establish the nature of the area where the injury occurred. ■ Although the complaint uses terms such as "rainforest" and "ravine," which suggest the property has not been improved, the allegations in the complaint must be construed liberally in plaintiff's favor in ruling on a demurrer. (*King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].) At this stage in the proceedings it cannot be determined whether the immunity for injuries caused by natural conditions applies.

We disagree with the superior court's conclusion the state was immune under section 831.2 because the "injury occurred in an area previously adjudicated to be in a 'natural condition' of public property." This reference by the court below is to the decision in *Kuykendall* v. *State of California, supra,* 178 Cal.App.3d 563, which affirmed a finding the state was immune where the plaintiff fell while swinging from a rope attached to a tree limb in the "rainforest" area of Fryman Canyon. In upholding the granting of summary judgment for the defendant, the Court of Appeal noted that Fryman Canyon "was at the time of the accident vacant, unimproved land" and held "[t]he mere attachment of a rope on defendant's undeveloped land by an unknown third party did not change the 'natural condition' of the land." (*Id.* at pp. 565-566.) The injury in *Kuykendall,* however, occurred nearly four years before the accident at issue here. We do not know whether the property was improved in the interim. Furthermore, unlike *Kuykendall,* the present case is not an appeal from a summary judgment granted on the basis of a set of undisputed facts. Instead we are here concerned with an appeal from an order sustaining a demurrer, where plaintiff has not yet had an opportunity to establish any facts to support the allegations in her complaint.

---

[4] Defendant argues the complaint fails to state a cause of action because it does not allege the state had knowledge of this particular fire hose. Plaintiff did allege, however, that this "or similar" ropes have existed in the same location for more than five years, resulting in numerous injuries, and that the State was aware of this. Such allegation is sufficient.

## III

### HAZARDOUS RECREATIONAL ACTIVITIES

Section 831.7 states a public entity is not liable to "any person who participates in a hazardous recreational activity . . . for any . . . injury . . . arising out of that . . . activity." Listed among examples of such forms of recreation is "tree rope swinging." (§ 831.7, subd. (b)(3).)

This grant of immunity is followed by an enumeration of several exceptions. Plaintiff relies on the first of these, which reads: "this section does not limit liability which would otherwise exist for any of the following: [¶] (1) Failure of the public entity or employee to guard or warn of a known dangerous condition or of another hazardous recreational activity known to the public entity or employee that is not reasonably assumed by the participant as inherently a part of the hazardous recreational activity out of which the damage or injury arose." (§ 831.7, subd. (c)(1).) ■ Plaintiff contends this exception applies here because the State failed to "guard or warn of a known dangerous condition." ■ According to plaintiff, this exception applies, whether or not the alleged "known dangerous condition" is "inherently a part of the hazardous recreational activity," because the final clause of this subdivision ("that is not reasonably assumed by the participant," etc.) was meant to modify only the phrase "another hazardous recreational activity known to the public entity or employee." The state disagrees, contending this final clause of the above-quoted language was intended to modify the entire sentence and, therefore, the exception applies only if the "known dangerous condition . . . is not reasonably assumed by the participant as inherently a part of the hazardous recreational activity out of which the damage or injury arose." The proper interpretation of this subdivision appears to be an issue of first impression.

■ In interpreting legislation, we turn first to the words of the statute itself. (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].) Here the sentence we are called upon to construe is ambiguous. Either of the two contrary readings urged by the parties would be semantically correct. It is therefore appropriate to examine the legislative history of the statute in order to determine legislative intent. (*In re Lance W.* (1985) 37 Cal.3d 873, 886 [210 Cal.Rptr. 631, 694 P.2d 744].)

■ As originally introduced in the Legislature, the proposed statute stated the immunity would not apply if the public entity failed "to guard or warn of a known dangerous condition that is not inherently a part of the hazardous recreational activity out of which the damage or injury arose." (Assem. Bill No. 555 (1983-1984 Reg. Sess.) § 1.) As amended once in the Assembly, the bill reached the Senate clearly providing immunity where the

dangerous condition causing the injury was "assumed by the participant as inherently a part of the hazardous recreational activity . . . ." (Assem. Amend. to Assem. Bill No. 555 (1983-1984) Apr. 27, 1983.) In the final amendment to the bill, the Senate added the phrase "or of another hazardous recreational activity known to the public entity" following the words "known dangerous condition," thereby precluding immunity where there was a failure "to guard or warn of a known dangerous condition or of another hazardous recreational activity known to the public entity or employee that is not reasonably assumed by the participant as inherently a part of the hazardous recreational activity . . . ." (Sen. Amend. to Assem. Bill No. 555 (1983-1984) Aug. 29, 1983.)

From the foregoing history of the legislation, it is clear the phrase "that is not reasonably assumed by the participant as inherently a part of the hazardous recreational activity" was intended to modify the phrase "known dangerous condition" as well as the phrase "another hazardous recreational activity."

This conclusion is confirmed by the report prepared for the Senate Committee on the Judiciary recommending adoption of the final amendment. The then-current version of the bill was described as denying immunity if "the public agency failed to warn of a known dangerous condition which *was* not assumed by the participant as inherently a part of the hazardous activity." (Italics in original.) On the following page of the report, the following question is posed: "Should a person who is safely engaging in a hazardous recreational activity, but is injured by another person engaged in [a] hazardous activity, be prevented from suing the public entity in all cases?" (See Sen. Com. Rep. on Assem. Bill No. 555 [Governmental Immunity—Hazardous Recreational Activity on Public Land] (1983) pp. 5-6.)[5] There is nothing to suggest that the Legislature, in granting a limited right to sue for injuries caused by another person's hazardous recreational activity, meant to alter the provision already set forth in the proposed statute concerning known dangerous conditions.

The foregoing conclusion is consistent with the apparent purpose of the statute. The Legislature obviously intended to shield public entities from liability claims arising from hazardous recreational activities, without unduly restricting the use of public lands for such purposes. If plaintiff's interpretation of the statute were adopted, the entity would be liable whenever it had knowledge of the dangerous condition that caused the injury, and this shield would be rendered largely ineffectual.

We conclude section 831.7, subdivision (c)(1), denies immunity for injuries caused by hazardous recreational activities where the public entity fails

---

[5] At defendant's request and without objection, we have taken judicial notice of these legislative materials.

"to guard or warn of a known dangerous condition . . . that is not reasonably assumed by the participant as inherently a part of the hazardous recreational activity out of which the damage or injury arose." ▮ In the present case, the complaint alleged the public entity knew of the dangerous condition of the fire hose hanging from the tree next to the slope. But the danger that a person who swings on the hose might fall down the slope is assumed by the participant as an inherent part of the activity of "tree rope swinging." (§ 831.7, subd. (b)(3).)[6] Although the complaint alleged that a fall while swinging on the hose "would be from a much greater height than was apparent because there was a steep drop off *a ledge above which the hose was hung*" (italics added), plaintiff alleged no facts showing this condition was concealed. To the contrary, the complaint states this hose and all similar tree ropes in that area "are *hung from tree limbs over a steep slope* such that an occasional visitor . . . would not realize . . . that a loss of grip *would necessarily result* in a precipitate fall down the bank of a steep ravine rather than a drop of a few inches at the place where the instrumentality was at rest and perpendicular." (Italics added.) A person who swings from a hose hung from a tree limb "over a steep slope" must reasonably assume that an inherent part of the activity is the possibility of a fall down the slope from a height greater than the person's starting point on the "ledge." Accordingly, defendant was immune from liability, and the demurrer was properly sustained.

▮ Plaintiff also contends the complaint alleges defendant committed gross negligence, and therefore defendant was not immune under section 831.7, subdivision (c)(5).[7] We note the complaint alleges no facts showing "an extreme departure from the ordinary standard of care." (*Gore* v. *Board of Medical Quality Assurance* (1980) 110 Cal.App.3d 184, 198 [167 Cal.Rptr. 881].) The complaint thus fails to invoke the exception to immunity set forth in section 831.7, subdivision (c)(5), for acts of gross negligence.

## DISPOSITION

The order (judgment) of dismissal is affirmed.

Woods, P. J., and McClosky, J., concurred.

---

[6] Obviously, the activity allegedly engaged in by plaintiff constitutes "tree rope swinging" despite use of a fire hose in place of a rope.

[7] We could, but choose not to, ignore this contention since it is set forth in a single sentence of appellant's opening brief, unsupported by either argument or authority. (*People* v. *Ham* (1970) 7 Cal.App.3d 768, 783 [86 Cal.Rptr. 906], overruled on other grounds in *People* v. *Compton* (1971) 6 Cal.3d 55, 60, fn. 3 [98 Cal.Rptr. 217, 490 P.2d 537].)