[No. C010696. Third Dist. Jan. 10, 1992.]

SANDRA DEE BERRY, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

## COUNSEL

Mastagni, Holstedt & Chiurazzi and Brian A. Dixon for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Marvin Goldsmith, Darryl L. Doke and Susan R. Oie, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**SIMS, Acting P. J.**—Government Code section 831.7 provides in relevant part: "(a) Neither a public entity nor a public employee is liable to any person who participates in a hazardous recreational activity . . . for any damage or injury to property or persons arising out of that hazardous recreational activity. [¶] (b) . . . 'Hazardous recreational activity' also means: . . . [¶] (2) Any form of diving into water from other than a diving board or *diving platform*, . . ." (Italics added; further statutory references are to the Government Code unless otherwise indicated.)

In this case, we are called upon to determine the meaning of "diving platform." We shall conclude a "diving platform" is an artificial structure designed and maintained for the purpose of diving. We shall further conclude that a tree stump does not qualify as a diving platform.

### PROCEDURAL HISTORY

Appellant, Sandra Dee Berry, filed a complaint against the State of California (the State) for damages for personal injuries sustained from diving into the American River. Following a successful demurrer, judgment was entered in favor of the State. Berry appeals contending the trial court erred in sustaining the demurrer as she had pled facts which established an exception to the section 831.7 immunity asserted by the State.

Berry dived from a tree stump into the American River and hit her head on a concrete structure under the water, sustaining serious injuries. In her complaint, she alleged there was a dangerous condition of public property "in that a large tree stump was allowed to be maintained at the water's edge . . . after a time when the Defendants . . . knew or through the exercise of reasonable care should have known that the tree stump herein mentioned was being used by Plaintiff and others similarly situated as a diving platform to dive into the American River."

The State demurred, asserting, inter alia, that Berry could not state a claim for relief because section 831.7 provided immunity from liability for injuries resulting from Berry's hazardous recreational activities on public property, and diving from a tree stump was such an activity. The trial court found the statute applied to the facts as pled and sustained the demurrer without leave to amend.

## DISCUSSION

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

Berry contends she has pleaded an exception to the immunity afforded by section 831.7 because she pleaded she dived from a diving platform. However, whether the tree stump from which she dived constitutes a diving platform within the meaning of section 831.7 is a conclusion of law. As we have noted, conclusions of law are not binding on a court reviewing a demurrer. (*Blank* v. *Kirwan, supra,* 39 Cal.3d at p. 318; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].)

"Where the statute is clear, the 'plain meaning' rule applies. The Legislature is presumed to have meant what it said, and the plain meaning of the language governs. [Citation.] When the plain meaning of a statute is not clear, a court may employ one or more canons of statutory interpretation to aid in ascertaining the meaning intended by the Legislature. . . . The most fundamental rule of construction is that a statute must be interpreted to effectuate the purpose of the law. [Citation.]" (*Sutco Construction Co.* v. *Modesto High School Dist.* (1989) 208 Cal.App.3d 1220, 1228 [256 Cal.Rptr. 671].)

Here, the term "diving platform" is subject to a vast array of meanings. We therefore consider the aim of the legislation. In enacting section 831.7, "The Legislature obviously intended to shield public

entities from liability claims arising from hazardous recreational activities, without unduly restricting the use of public lands for such purposes." (*DeVito* v. *State of California* (1988) 202 Cal.App.3d 264, 271 [248 Cal.Rptr. 330].)[1]

■ Section 831.7 exempts diving from diving boards and diving platforms from hazardous activity. The inference to be drawn from these exemptions is that diving from such structures is generally not hazardous. That would be the case if a "diving platform" (like a diving board) meant an artificial structure designed and maintained for the purpose of diving. We think this is the correct definition. The most obvious example would be a diving platform constructed at a swimming pool. We need not consider whether other kinds of structures might qualify as diving platforms; suffice it to say that a tree stump does not qualify because it is not an artificial structure and is not designed for the purpose of diving.

We are loath to adopt a broader definition of "diving platform." Every dive is made from a surface that might qualify as a "platform." However, a broader definition would jeopardize the statutory intent of section 831.7 by making public entities liable for hazardous activities.

Plaintiff has requested leave to amend her complaint but has failed to supply any specifics for an amendment. As we have noted, the burden of showing a saving amendment "is squarely on the plaintiff." (*Blank* v. *Kirwan, supra*, 39 Cal.3d at p. 318.) Moreover, we are confident that the tree stump from which plaintiff dived cannot qualify as a "diving platform" under the appropriate definition of that term.

### DISPOSITION

The judgment is affirmed.

Marler, J., and Scotland, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 1, 1992.

---

[1]We have canvassed the available legislative history of section 831.7 and it sheds no further light on the meaning of "diving platform."