GARY M. GAERTNER, J., concurs.

Gary D. DUNBAR, Plaintiff–Appellant,

v.

Robert BURNS, Defendant–Respondent,

and

Lynn Burns, d/b/a Niangua River Oasis Campgrounds & Canoe Rental, Defendant.

No. 22157.

Missouri Court of Appeals, Southern District, Division One.

Aug. 12, 1998.

*Thummel v. King,* 570–679, 687 (Mo. banc 1978).

Mark A. Richardson, Neff & Richardson, P.C., Jefferson City, for Plaintiff–Appellant.

Brian D. Malkmus, Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, for Defendant–Respondent.

PREWITT, Presiding Judge.

Plaintiff sought damages for personal injuries. Defendants filed a motion seeking to have the matter dismissed, as the petition "has failed to state a cause of action or claim against defendants ... upon which the relief therein sought may be granted." The trial

court entered judgment sustaining the motion to dismiss and dismissing the action. Plaintiff appeals.[1]

The standard for reviewing a dismissal for failure to state a claim for which relief can be granted is stated in *Williams v. Belgrade State Bank*, 953 S.W.2d 187, 189 (Mo.App. 1997).

In his petition, Plaintiff alleged that he was "an invitee and patron" of Defendants, having rented a canoe from the business operated by Defendants. He alleged that the business included "on its premises or immediately adjacent thereto, a tree with a rope swing that patrons of Defendant[s] were permitted to use." He stated that he swung from the river bank, he let go and went feet first into the river. Upon entering the water, he struck "a submerged object," suffering a fracture to his leg and other injuries. He alleged that before he swung, he believed the water level in the river within reach of the rope swing was deep and contained no submerged objects which would cause injury, but that Defendants knew or by using ordinary care should have known, "that the tree rope was unsafe because submerged objects were present and that the water was not deep enough to avoid injury." He contended that Defendants failed to use ordinary care to make the condition safe or to warn him of it.

Briefly stated, the essence of Plaintiff's point is that as a business invitee, Defendant had a duty to warn Plaintiff, or make the premises safe. Defendant counters that there was no duty on his part because the condition "is open and obvious," and Plaintiff was not injured on Defendant's premises but while in the Niangua River, owned by the State.

Neither party cites us to decisions in Missouri or elsewhere having similar facts. Our research has disclosed one case in Missouri involving a rope swing over a lake. In *Turner v. City of Moberly*, 224 Mo.App. 683, 26 S.W.2d 997 (1930), a boy was drowned when he slipped from the rope and fell into the water. Apparently he was not trying to enter the water, as he could not swim. The court determined that the deceased was guilty of contributory negligence as a matter of law. Contributory negligence, of course, is no longer an issue in Missouri tort cases.[2]

We have also found cases in other jurisdictions which have discussed liability for injuries received when swinging over land or water. *Neal v. Bently Nevada Corp.*, 771 F.Supp. 1068 (D.Nev.1991), *aff'd* at 5 F.3d 538 (9th Cir.1993); *Lebeter v. United States*, 750 F.Supp. 322 (N.D.Ill.1990); and *Miller v. United States Dep't of the Interior*, 649 F.Supp. 444 (W.D.Mich.1986), involve injuries incurred while swinging over and dropping into rivers. Recovery was denied in each case, however the injured parties were not invitees as is alleged here, and the cases involve recreational-use statutes in Nevada and Michigan.

In *DeVito v. State*, 202 Cal.App.3d 264, 248 Cal.Rptr. 330 (1988), the court concluded that a person who swings from a hose hung over a tree limb assumes as an inherent part of the activity of "tree rope swinging" the possibility of a fall.

*Waddel's Adm'r v. Brashear*, 257 Ky. 390, 78 S.W.2d 31 (App.1935), was an action for the wrongful death of a college student who died from injuries sustained in diving from a rope swing and striking the bottom of a river. Following the plaintiff presenting his case, the trial judge entered judgment in favor of defendants. On appeal, that decision was reversed, the court concluding that the issues should have been submitted to the jury. The court commented, 78 S.W.2d at 32, regarding the duty of a proprietor to customers:

---

1. After filing the motion to dismiss, Defendant Lynn Burns sought summary judgment, contending he was an employee and not an owner of the business referred to in the petition. A docket entry was made sustaining the motion. The following day, the judgment was filed. No questions are raised regarding the judgment's dismissal of Plaintiff's petition as to Lynn Burns. Plaintiff's brief refers in its point only to "respon-

dent," which we assume to be Respondent Robert Burns. We refer to him in this opinion as "Defendant."

2. In *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), contributory negligence was supplanted "with a comprehensive system of comparative fault." 661 S.W.2d at 16.

This involves the duty of being diligent to see that water in a diving pool is of sufficient depth to make it reasonably safe for the purpose; or, if it be not safe for that sport with the use of the facilities furnished, there arises the duty to warn or caution patrons by signs or otherwise of the hazard, particularly of any latent or hidden condition of danger.[3]

In *Knott v. Williams*, 109 So.2d 517 (La. App.1959), plaintiff was injured when he swung from a rope attached to a tree overhanging a river and dropped feet first into the river, fracturing both legs. There, contrary to the allegations here before us, plaintiff had earlier swung into the river, dove, and hit his head on the bottom. The court concluded that recovery was barred because of contributory negligence, stating, 109 So.2d at 519:

> The general rule of law is the host is not responsible for an injury to his invitee which is caused by a danger which was obvious or should have been seen or recognized by the invitee had he exercised reasonable care or used his senses, or from a condition which was just as well known or as obvious to the invitee as it was to the inviter.

A rope swing was also involved in *Holley v. International Paper Co.*, 497 So.2d 819 (Miss.1986). There, the Plaintiff dove off a rope swing into shallow water and broke his neck. The court determined that because Plaintiff was a licensee, the only duty owed by defendant was to refrain from willfully or wantonly injuring him. As Defendant did not willfully or wantonly injure Plaintiff, there was no liability. Recovery was also barred in *Adornato v. Town of Smithtown*, 212 A.D.2d 561, 622 N.Y.S.2d 563 (1995), because the plaintiff, injured while rope-swinging from a tree into a river, was familiar with the depth of the water.

■ In both *Knott* and *Adornato*, the plaintiffs were familiar with the depth of the water, and in *DeVito*, a steep drop off was obvious. At this stage of the proceeding, it cannot be determined whether Plaintiff here

could have seen the danger by looking. Plaintiff alleges that he could not have known "by using ordinary care," and we must assume that this is true. Rocks and other objects in water are not always visible from a river bank, and of course the depth of water in a river is often difficult to ascertain by only looking at it.

■ Although not involving a rope swing, we believe that the decision and discussion in *Perkins v. Byrnes*, 364 Mo. 849, 269 S.W.2d 52 (1954), not cited by the parties, disposes of the issues here. In that matter, our Supreme Court determined that a landowner adjoining a "public stream" may nevertheless be liable for death or injuries occurring in the stream. The Court stated, 269 S.W.2d at 54:

> It is true that Big River is a natural stream, or, as the defendants say, "a public stream," and they could not control its depth or current. But the rules prescribing the duty of care and requiring the proprietor of a place of public amusement to make the known dangerous condition safe or to give a warning adequate to enable his patron to avoid the harm applies to "a natural or artificial condition thereon." [Citation omitted.] The proprietor or landowner may enclose his land adjacent to a natural stream, and his is the election to determine whether the public is to be excluded or accorded the status of invitees. [Citations omitted.] Once he has made the election and appropriated a part of a public body of water to the uses of his private venture the general rules have been applied to such divergent bodies of water as Lake Ontario, Great Salt Lake, Lake Washington, Lake Pocotopany in Connecticut, Barren River in Kentucky, St. Joseph's River in Indiana, and even to the tidal waters of an arm of the sea. [Citations omitted.]

■ Citing with apparent approval *Waddel's Adm'r, supra*, the Missouri Supreme Court determined that the proprietor of a place where swimming was allowed along a natural body of water has a duty to exercise diligence to keep the grounds where he had

---

**3.** This language is quoted with apparent approval in *Perkins v. Byrnes*, 364 Mo. 849, 269 S.W.2d 52, 55 (1954), discussed *infra*.

invited his customers to bathe from being dangerous, and liability cannot be escaped by the proprietor showing that it did nothing to create the dangerous condition. The Court concluding, 269 S.W.2d at 55:

If shallow water, hidden logs, or a concealed hole, present a jury question of negligence and consequent liability on the part of the proprietor of a public bathing resort, a fortiori, a swollen river with a hidden or deceptive undercurrent is a circumstance upon which reasonable minds could differ.

Examination of other decisions fortifies our determination that a cause of action was stated. *See Boll v. Spring Lake Park, Inc.,* 358 S.W.2d 859 (1962); *Peterson v. Summit Fitness, Inc.,* 920 S.W.2d 928 (Mo.App.1996); *Schell v. Keirsey,* 674 S.W.2d 268 (Mo.App. 1984); *Chrisler v. Holiday Valley, Inc.,* 580 S.W.2d 309 (Mo.App.1979); *Carter v. Boys' Club of Greater Kansas City,* 552 S.W.2d 327 (Mo.App.1977); *Rigdon v. Springdale Park, Inc.,* 551 S.W.2d 860 (Mo.App.1977); *McFarland v. Grau,* 305 S.W.2d 91 (Mo.App.1957).

The portion of the judgment in favor of Lynn Burns is affirmed, the portion of the judgment in favor of Robert Burns is reversed and the cause remanded for further proceedings.

CROW and PARRISH, JJ., concur.