**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRIAN CARR, | |
| Plaintiff and Appellant, | G061277 |
| v. | (Super. Ct. No. 30-2020-01133023) |
| CITY OF NEWPORT BEACH, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge. Affirmed.

Shernoff Bidart Echeverria, Michael J. Bidart, Ricardo Echeverria, Kristin Hobbs and Reid Ehrlich for Plaintiff and Appellant.

Wesierski & Zurek and Christopher P. Wesierski for Defendant and Respondent.

Plaintiff Brian Carr appeals from the trial court's grant of summary judgment in favor of the City of Newport Beach (the City) in this action arising from injuries plaintiff sustained after diving headfirst into shallow harbor waters. The court concluded the City is immune from liability pursuant to Government Code section 831.7,[1] which concerns hazardous recreational activities. It also found no triable issue of fact as to plaintiff's claim alleging a dangerous condition of public property. Plaintiff contends the decision was error because there are triable issues of fact regarding the City's claimed immunities and his dangerous condition claim. The record evidences otherwise. As a matter of law, the hazardous recreational activity immunity insulates the City from the alleged liability, so thus affirm the judgment.

## FACTS

The events leading to plaintiff's injury occurred on the afternoon of a holiday weekend. After drinking a few beers while kayaking in Newport Bay with a friend, plaintiff returned to a bay-side beach area frequented by families with young children, sometimes referred to as "Baby Beach."

Instead of wading into the water from the sand, plaintiff walked from the sand onto a 20-inch-wide seawall, called a groin, which was originally built in the 1930s to help control erosion. After briefly enjoying the scenery and looking down at the water, plaintiff dove in head first. His head hit the bottom and he was rescued from the water by lifeguards. As a result of the impact, he sustained a spinal cord injury which left him a quadriplegic.

Plaintiff sued the City for damages, asserting two causes of action—dangerous condition of public property (Gov. Code, § 835) and failure to warn (Gov. Code, § 830.8). The complaint alleged, inter alia: the City knew people had

_____

[1] All further statutory references are to the Government Code unless otherwise stated.

2

walked on, and jumped and dove off, the groin; the danger of diving off the groin, particularly during low tide, would not be readily apparent to beachgoers; and the City failed to take measures to protect against the dangerous conditions, such as removing the groin, prohibiting diving from it, posting warnings advising of the danger, and/or training lifeguards to prevent people from accessing the groin.

The City moved for summary judgment, or in the alternative summary adjudication. It argued it was immune from liability pursuant to Government Code sections 831.7 (hazardous recreational activity) and 830.6 (design immunity), the undisputed facts demonstrated as a matter of law there was no dangerous condition of public property and plaintiff's injury was caused by his own lack of due care, and the failure to warn statute relied upon in the second cause of action was inapplicable to the circumstances of plaintiff's injury.

Plaintiff opposed summary judgment and summary adjudication concerning the dangerous condition cause of action only. He contended there were triable issues of fact concerning whether a dangerous condition existed, whether any arguable design immunity was lost under the circumstances, and whether hazardous recreational activity immunity was inapplicable due to the City's gross negligence.

Following a hearing at which the trial court took the matter under submission, the court issued a ruling granting summary judgment to the City. As for the first cause of action, the court concluded hazardous recreational activity immunity applied, plaintiff did not plead or demonstrate a triable issue of fact regarding gross negligence, and the undisputed facts showed as a matter of law "the groin is safe when used with due care." On the second cause of action, the court found in the City's favor based on plaintiff's non-opposition. The court did not rule on various evidentiary objections submitted by the parties.

Plaintiff timely appealed.

3

**DISCUSSION**

Plaintiff contends the trial court's grant of summary judgment to the City was error because there are triable issues of fact concerning the City's claimed hazardous recreational activity and design immunities, as well as whether the groin constituted a dangerous condition. We do not reach the latter two arguments because the record demonstrates as a matter of law the City is protected from plaintiff's claims by the hazardous recreational activity immunity.

*A. Summary judgment principles and standard of review*

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).) "[A]ny party to an action, whether plaintiff or defendant, 'may move' the court 'for summary judgment' in his favor . . . ." (*Ibid.*) "The court must 'grant []' the 'motion' 'if all the papers submitted show' that 'there is no triable issue as to any material fact' . . . and that the 'moving party is entitled to a judgment as a matter of law.'" (*Ibid.*, citations omitted.) "'The summary judgment procedure, inasmuch as it denies the right of the adverse party to a trial, is drastic and should be used with caution.'" (*Osborn v. Hertz Corp.* (1988) 205 Cal.App.3d 703, 708.)

The party opposing summary judgment may defeat the motion by demonstrating there is a triable issue of material fact. (*Aguilar, supra*, 25 Cal.4th at p. 849.) To do so, the opposing party "'may not rely upon the mere allegations or denials' of [the] 'pleadings to show that a triable issue of material fact exists but, instead,' must 'set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .'" (*Ibid.*)

"'On review of an order granting or denying summary judgment, we examine the facts presented to the trial court and determine their effect as a matter of law.' [Citation.] We review the entire record, 'considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.' [Citation.] Evidence presented in opposition to summary judgment is liberally construed, with any doubts about the evidence resolved in favor of the party opposing the motion. [Citation.]" (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) Credibility determinations, the weighing of evidence, and resolving factual disputes are not proper matters. (*Calemine v. Samuelson* (2009) 171 Cal.App.4th 153, 161; *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 880; *ARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1065.)

"[T]he trial court's stated reasons for granting summary judgment 'are not binding on us because we review its ruling, not its rationale.'" (*Johnson v. Open Door Community Health Centers* (2017) 15 Cal.App.5th 153, 157.) We affirm the summary judgment if correct on any of the grounds asserted in the moving party's motion. (*American Meat Institute v. Leeman* (2009) 180 Cal.App.4th 728, 747–748.)

B. *Hazardous recreational activity immunity*

Government Code section 831.7 "furnishes governmental immunity for injury sustained by 'any person who participates in a hazardous recreational activity . . . .' [Citation.] As defined by that section, 'hazardous recreational activity' includes '[a]ny form of diving into water from other than a diving board or diving platform, or at any place or from any structure where diving is prohibited and reasonable warning thereof has been given.' [Citation.]" (*Morin v. County of Los Angeles* (1989) 215 Cal.App.3d 184, 194–195 (*Morin*).)

Plaintiff asserts this immunity "only applies to places or structures 'where diving is prohibited and reasonable warning thereof has been given.'" Not so. As

explained in *Rombalski v. City of Laguna Beach* (1989) 213 Cal.App.3d 842, 851, (*Rombalski*) the statute is written in the disjunctive. (See Gov. Code, § 831.7, subd. (b)(2).) Through use of a comma and the word "or," the Legislature "differentiate[d] between diving from places that are not diving boards or diving platforms and places or structures that are." (*Rombalski, supra*, at p. 851.) Thus, diving into water amounts to a hazardous recreational activity if it occurs in *either* of two ways: (1) from any location other than a diving board or diving platform; or (2) from any place or any structure where diving is prohibited and reasonable warning thereof has been given. (*Id*. at pp. 850–851; *Valenzuela v. City of San Diego* (1991) 234 Cal.App.3d 258, 263–264 (*Valenzuela*).) Diving that meets the former criteria triggers the immunity irrespective of whether any type of prohibitive warning is given. (See, e.g., *Rombalski, supra*, 213 Cal.App.3d at pp. 850–851 [applying immunity despite lack of warning because person dove from rock which is not diving board or diving platform]; *Valenzuela, supra*, 234 Cal.App.3d at pp. 263–264 [same]; *Berry v. State of California* (1992) 2 Cal.App.4th 688, 692 (*Berry*) [concluding same regarding tree stump]; *Morin, supra*, 215 Cal.App.3d at p. 195 [concluding same regarding sand near shore's edge].)

Contrary to the dissent's claim, our interpretation does not render the latter half of the definition superfluous. It applies any time a person dives from a place (structure, or not) where a public entity has provided a reasonable warning diving is prohibited there. This includes any location that falls outside the scope of the first part of the statutory language because it is a diving board or diving platform.

Take, for example, a small boat dock or pier with a "No Diving" sign posted. Depending on the specific facts, it might be debatable whether the dock or pier is a diving platform. Because of the disjunctive in the statute, however, one would not need to reach that issue because the immunity would be triggered by the posted sign.

The dissent interprets the latter half of the diving provision to qualify a public entity's immunity if it chooses to prohibit diving at a particular location. It claims

6

immunity is only preserved in such circumstances if the public entity provides a reasonable warning of the prohibition. We respectfully disagree. The statutory language does not include an "if/then" structure. It simply states the immunity applies when a person dives from a place or structure where diving is prohibited and a reasonable warning thereof is given. (See *Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 827 [courts may not add words to a statute].) In addition, the dissent's interpretation would render the first part of the diving provision and the disjunctive meaningless because even if the first part were satisfied (i.e. not a diving board or diving platform), there would always be a need to move to the second part to determine whether the immunity applies.[2]

Turning to the facts of this case, the groin from which plaintiff dove is not a diving board or diving platform. (See *Berry, supra*, 2 Cal.App.4th at pp. 691–692 ["diving platform" is "an artificial structure designed and maintained for the purpose of diving"].) Consistent with the dictionary definition of a groin, it was built nearly a century ago to protect adjacent property from erosion damage caused by harbor waters. (See Merriam-Webster Dict. Online (2023) <https://www.merriam-webster.com/dictionary/groin> [as of Apr. 17, 2023] [defining groin as "a rigid structure built out from a shore to protect the shore from erosion, to trap sand, or to direct a current for scouring a channel"].) It was reconstructed in the 1960s to serve that same purpose and the City has maintained it as such since that time. There is no triable issue of material fact as to the nature of the groin or its purpose. And, contrary to plaintiff's assertion, the fact there have been others who dove off of it does not change its character. (*Berry, supra*, at p. 692 [cautioning against expansive interpretation of "diving platform" because "[e]very dive is made from a surface that might qualify as a 'platform'"].)

---

[2] Given the importance of the question presented and the likelihood this issue will recur, we respectfully invite the Legislature, if it feels our interpretation of the immunity statute is incorrect, to make amendments clarifying the meaning of the statute. We similarly respectfully invite the Supreme Court to provide guidance on this issue.

Attempting to avoid the hazardous recreational immunity, plaintiff contends the gross negligence exception to the immunity applies. But it is of no avail under the circumstances.

Government Code section 831.7, subdivision (c), provides that hazardous recreational immunity "does not limit liability which would otherwise exist for . . . [¶] . . . [a]n act of gross negligence by a public entity or a public employee that is the proximate cause of the injury." Gross negligence means "'"the want of even scant care or an extreme departure from the ordinary standard of conduct.'"'" (*Mubanda v. City of Santa Barbara* (2022) 74 Cal.App.5th 256, 264 (*Mubanda*).) It is distinguishable from ordinary negligence which "'consists of a failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm.'" (*Ibid*.) "Although the determination of whether conduct constitutes gross negligence ordinarily is a question of fact [citations], where there are no facts showing an extreme departure from the ordinary standard of conduct, the gross negligence exception to immunity fails." (*Ibid*.)

Plaintiff argues there is evidence that could lead a trier of fact to find gross negligence in two ways. First, he claims the City was grossly negligent because "[t]he City trained its lifeguards that beachgoers are tempted to jump or dive from structures such as groins[,] and that doing so can be extremely dangerous[,] [b]ut it made no effort to block access to the groin or to place warning signs informing visitors not to walk on or use the groin . . . ." Second, he asserts three lifeguards were grossly negligent because they watched him walk out on the groin and dive into the water without taking any action to stop him or otherwise warn him that jumping or diving from it was prohibited.

To begin, most of the facts on which plaintiff relies were not pled in the complaint. "Since all California governmental tort liability flows from the California Tort Claims Act [citations], the plaintiff must plead facts sufficient to show his cause of

8

action lies outside the breadth of any applicable statutory immunity.  [Citation.]" (*Keyes v. Santa Clara Valley Water Dist.* (1982) 128 Cal.App.3d 882, 885–886.)

Regardless, none of the claimed facts show an extreme departure from ordinary care.  There is no evidence the groin poses an extreme risk to anyone accessing it for any purpose such that the claimed failures to act could amount to a """"want of even scant care."""" (*Mubanda, supra*, 74 Cal.App.5th at p. 264.)  Further, an inherent risk of diving headfirst into water is that one might be injured by hitting the bottom or an object under the water's surface.  (See *Valenzuela, supra*, 234 Cal.App.3d at p. 263; *Rombalski, supra*, 213 Cal.App.3d at p. 852.)  Gross negligence does not lie in the failure to protect against, or warn about, an inherent risk of a hazardous recreational activity.  (See *Mubanda, supra*, at p. 265 [no evidence of gross negligence where inherent risk in paddleboarding is falling off board and drowning]; *County of San Diego v. Superior Court* (2015) 242 Cal.App.4th 460, 474 [no gross negligence in failure to protect against or warn about inherent risk of tree rope swing above ravine]; *Devito v. State of California* (1988) 202 Cal.App.3d 264, 272 (*Devito*) [allegations of failure to warn or guard against risks inherent in use of tree swing on steep slope do not amount to gross negligence].)

Notably, there is a separate statutory exception to the immunity concerning known dangerous conditions which is not discussed by the parties.  Under that exception, the immunity does not limit liability for "[f]ailure of the public entity or employee to guard or warn of a known dangerous condition . . . known to the public entity or employee that is not reasonably assumed by the participant as inherently a part of the hazardous recreational activity out of which the damage or injury arose." (§ 831.7, subd. (c)(1)(A).)  By its plain terms, this exception only applies if the danger is not an inherent risk of the hazardous recreational activity in which a person chooses to

9

participate.[3] (*Perez v. City of Los Angeles* (1994) 27 Cal.App.4th 1380, 1383; *Valenzuela, supra*, 234 Cal.App.3d at p. 263; *Devito, supra*, 202 Cal.App.3d at p. 271.) Because the Legislature expressly narrowed failure to guard and warn liability in such a manner, the gross negligence exception may not be read more expansively lest the limitation be rendered meaningless.

Plaintiff's reliance on the lifeguards' failure to warn that diving from the groin was prohibited falters for an additional reason. City of Newport Beach Municipal Code section 11.12.150, prohibits diving into the water from, inter alia, groins. Thus, plaintiff is effectively asserting the lifeguards failed to enforce the law. Public entities are immune from liability for injuries arising from a failure to enforce the law (§ 818.2), meaning this is not a viable basis for establishing gross negligence. (See *Wood v. County of San Joaquin* (2003) 111 Cal.App.4th 960 [concluding same regarding failure to take measures to enforce boating speed limit law].)

In sum, the record reveals the City's immunity as a matter of law for the liability alleged by plaintiff.[4] Though application of the immunity in cases as tragic as this may seem harsh, we are obligated to apply the statute as enacted by the Legislature. As a matter of policy, the Legislature chose to generally shield public entities from liability claims arising from hazardous recreational activities in order to deter those entities from severely restricting access to and use of public lands. In doing so, it necessarily determined the broad grant of immunity "is an appropriate price to pay for the

---

[3] California law recognizes an inherent risk of diving headfirst into water is that one might be injured by hitting the bottom (*Valenzuela, supra*, 234 Cal.App.3d at p. 263; *Rombalski, supra*, 213 Cal.App.3d at p. 852), so this exception to the immunity would not apply in this case.

[4] Because this immunity is sufficient to uphold the grant of summary judgment to the City, we do not address the City's assertion of design immunity under Government Code section 830.6, or whether the record demonstrates a triable issue of fact concerning a dangerous condition of public property.

extensive and enjoyable, though often inherently hazardous, recreational use of the myriad of so readily accessible public lands." (*Perez, supra*, 27 Cal.App.4th at p. 1388.)

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to its costs on appeal.


DELANEY, J.

I CONCUR:


O'LEARY, P. J.

11

Moore, J., Dissenting.

I respectfully dissent. Although I am uncertain whether Brian Carr will be successful in his lawsuit claiming a dangerous condition of public property, I think he is entitled to proceed to a jury trial for two reasons.

First, I would find the City of Newport Beach (the City) is not immune from liability because the City prohibits people from diving from groins, such as the groin at Kid Beach (pictured below), but there is no evidence the City warned Carr of that prohibition. (Gov. Code, § 831.7, subd. (b)(2).)[5] Second, I would find there are triable issues as to whether the groin constitutes a dangerous condition of public property.



*1. The City does not have immunity under section 831.7, subdivision (b)(2).*

When this court interprets a statute, our task is to ascertain the intent of the Legislature. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.) Generally, we first look at the words of the statute applying their "'usual and ordinary meanings.'" (*People v.*

---

[5] Further undesignated statutory references are to the Government Code.

1

*Lawrence* (2000) 24 Cal.4th 219, 230–231.)  "In construing a statute we are required to give independent meaning and significance to each word, phrase, and sentence in a statute and to avoid an interpretation that makes any part of a statute meaningless."  (*San Diego Police Officers Assn. v. City of San Diego Civil Service Com.* (2002) 104 Cal.App.4th 275, 284.)  "We seek to avoid 'interpretations that render any language surplusage.'"  (*Brennon B. v. Superior Court* (2022) 13 Cal.5th 662, 691.)

Generally, section 831.7 provides that a public entity is entitled to immunity from a lawsuit alleging a dangerous condition of public property when the plaintiff has engaged in a hazardous recreational activity.[6]  Specifically, a hazardous recreational activity includes:  "Any form of diving into water from other than a diving board or diving platform, *or at any place or from any structure where diving is prohibited and reasonable warning thereof has been given*."  (§ 831.7, subd. (b)(2), italics added.)

The majority apparently interprets the first (unitalicized) portion of the statute to mean that if a person dives into water from anything other than a diving board or a diving platform, then—ipso facto—that is a hazardous recreational activity, and therefore the public entity is immune from liability.  But this interpretation effectively renders the second (italicized) portion of the statute meaningless (surplusage).  Although the statute is not a model of clarity, in order to give actual effect to the second (italicized) portion of section 831.7, subdivision (b)(2), the plain language appears to be that if a public entity prohibits diving "at any place or from any structure," then the public entity must give "reasonable warning thereof" in order to have immunity from liability.

Under the majority's interpretation of section 831.7, subdivision (b)(2),

---

[6] To be more precise, the public entity is *presumptively* immune; a public entity can effectively "lose" its immunity under certain circumstances, including when it acts with gross negligence.  (See, e.g., § 831.7, subd. (c)(1)(E).)

2

there are apparently no situations in which a public entity is required to give "reasonable warning" if the public entity prohibits diving from a place or from a structure. But all the available legal authorities seem to be directly at odds with the majority's analysis.

As stated in a well-regarded legal treatise: "The term 'hazardous recreational activity' is generally defined as 'a recreational activity conducted on property of a public entity that creates a substantial, as distinguished from a minor, trivial, or insignificant, risk of injury to a participant or a spectator.' [Citations.] [¶] (2) *Enumerated Activities.* The term also specifically includes various enumerated activities: . . . (b) Diving from other than a board or platform *or where diving is prohibited and warning has been given.*" (5 Witkin, Cal. Summary of Law (11th ed. 2017) Torts, Hazardous Recreational Activity, § 329, p. 519, second italics added.)

The requirement of a warning is also stated in published opinions. "The undisputed evidence in this case establishes plaintiff sustained his injury while diving from the sand near the shore's edge into the ocean. He did not dive from a diving board, platform, or other structure. Thus by section 831.7's express terms, plaintiff engaged in a 'hazardous recreational activity.' [Citations.] Contrary to plaintiff's assertion, subdivision (b)(2) of section 831.7 *does not require defendant to show it provided a reasonable warning in this case* since plaintiff did not dive from a board, platform or other structure." (*Morin v. County of Los Angeles* (1989) 215 Cal.App.3d 184, 195, italics added.) That is, the *Morin* opinion recognizes *there are some cases* in which a public entity *is required* to show it provided a reasonable warning under section 831.7, subdivision (b)(2). (See *Valenzuela v. City of San Diego* (1991) 234 Cal.App.3d 258, 263–264 [defendant public entity was not required to provide a reasonable warning where plaintiff dove into water from a rock on a beach, rather than from a place or from a structure where diving was prohibited]; see also *Rombalski v. City of Laguna Beach* (1989) 213 Cal.App.3d 842, 850–851 [same].)

3

Here, the City prohibits people from diving from groins.  (Newport Beach Mun. Code, § 11.12.150 ["It is hereby declared unlawful for any person . . . to dive, jump or enter into the water from any . . . seawalls, groins, or jetties"].)  A groin is plainly a structure.  (See § 831.7, subd. (b)(2) [a hazardous recreational activity includes diving "*from any structure* where diving is prohibited and reasonable warning thereof has been given" (italics added)].)  But there is no evidence in the record that Carr was given any warning of this legal prohibition against diving from the groin at Kid Beach (either by the City's lifeguards or by a sign).  Thus, the City has no immunity from Carr's lawsuit under the plain meaning of section 831.7, subdivision (b)(2).[7]

"The purpose of [section 831.7] immunity for recreational activities on public land 'is to encourage public entities to open their property for public recreational use, because . . . "the expense of defending claims for injuries would probably cause many public entities to close such areas to public use.""'" (*County of San Diego v. Superior Court* (2015) 242 Cal.App.4th 460, 468.)  However, public entities also have a related responsibility to warn of known dangerous conditions.  (§831.7, subd. (c)(1)(A).)

The City undoubtedly prohibits people from diving from its seawalls, jetties, and groins because it is knows of the dangers involved.  But in order to have presumptive immunity under section 831.7, subdivision (b)(2), the City had an obligation to reasonably warn Carr of that prohibition, which could have easily been accomplished by simply posting a warning sign at the groin at Kid Beach.[8]  (See attached chart,

---

[7] Because the City has no immunity from Carr's lawsuit, it is not necessary to further analyze whether the City may have lost its immunity through gross negligence.

[8] I concur in my esteemed colleagues' invitation to the California State Legislature and/or the California Supreme Court to address this matter further as needed.

4

Appendix A, for hypothetical examples.)

2. *There are triable issues of material fact as to whether the groin constitutes a dangerous condition of public property under section 830.*

"'Dangerous condition' means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).)

A plaintiff may establish the existence of a dangerous condition of public property, even if the plaintiff himself did not act with due care. The statute "'does not require that *the injured person* prove that he was free from contributory negligence. Contributory negligence is a matter of defense . . . .'" (*Callahan v. City and County of San Francisco* (1967) 249 Cal.App.2d 696, 703, italics added.) A jury is instructed that: "A 'dangerous condition' is a condition of public property that creates a substantial risk of injury to *members of the general public* when the property . . . is used with reasonable care and in a reasonably foreseeable manner." (CACI No. 1102, italics added.)

Here, it appears Carr may have been contributorily negligent when he dove from the groin. Indeed, this was a topic of some considerable discussion at oral argument in this case. However, Carr's own comparative negligence has no relevance as to the issue of whether the groin constitutes a dangerous condition of public property. (See *Callahan v. City and County of San Francisco, supra,* 249 Cal.App.2d at p. 703.)

When granting the City's motion for summary judgment, the trial court found Carr "did not demonstrate a triable issue of fact regarding whether the groin creates a substantial risk of injury to *any* foreseeable user who dives off the groin with due care."

I disagree. There was some evidence in the record that the groin at Kid Beach attracted children and other foreseeable users to use it for the purpose of jumping; in fact, beyond the end of the groin at Kid Beach is buoy that says, "Swim Area" (as

5



pictured below):



The City's lifeguard training manual advised a "hazard that occurs around piers, groins, or jetties is the temptation to jump or dive off these structures." Moreover, there was expert evidence that: "The nature of a groin to retain sand also causes the groin to have deceptively shallow waters which would otherwise not exist."

In sum, there are triable issues of material fact as to whether the groin created "a substantial risk of injury to *members of the general public* when" they foreseeably dove off the groin, even when using due care. (See CACI No. 1102, italics added.) Thus, I would reverse the trial court's granting of the City's motion for summary judgment and allow matter to go to a jury trial.

MOORE, J.

6

| HYPOTHETICAL SITUATION | WAS THIS A DIVING BOARD OR DIVING PLATFORM?[1] | WAS THERE A PROHIBITION? | WAS THERE REASONABLE WARNING GIVEN? | HAZARDOUS RECREATIONAL ACTIVITY (PRESUMPTIVE IMMUNITY)?[2] |
|---|---|---|---|---|
| Person injured by diving from a fence surrounding a municipal swimming pool | No | No | No | Yes |
| Person injured by diving from a fence surrounding a municipal swimming pool | No | Yes | Yes | Yes |
| Person injured by diving from a fence surrounding a municipal swimming pool | No | Yes | No | No |
| Person injured by diving from a municipal dock | No | No | No | Yes |
| Person injured by diving from a municipal dock | No | Yes | Yes | Yes |
| Person injured by diving from a municipal dock | No | Yes | No | No |

---

[1] As accurately stated in the majority opinion, "a 'diving platform' is an artificial structure designed and maintained for the purpose of diving." (*Berry v. State of California* (1992) 2 Cal.App.4th 688, 690.)

[2] A hazardous recreational activity includes: "Any form of diving into water from other than a diving board or diving platform, or at any place or from any structure where diving is prohibited and reasonable warning thereof has been given." (§ 831.7, subd. (b)(2).)