Filed 11/20/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF<br>SAN DIEGO COUNTY,<br><br>        Respondent; | D068016<br><br>(Super. Ct. No. 37-2014-00001577-CU-<br>PO-CTL) |
| BEN CASTEEN,<br><br>        Real Party in Interest. | |

PETITION for a writ of mandate challenging an order of the Superior Court of

San Diego County, Joel R. Wohlfeil, Judge.  Petition granted.


Thomas E. Montgomery, County Counsel, and David L. Brodie, Deputy County

Counsel, for Petitioner.

No appearance for Respondent.

Law Offices of Martin N. Buchanan and Martin N. Buchanan; Ward & Hagen,

Peter C. Ward and Ralph W. Peters, for Real Party in Interest.

Government Code section 831.7 provides that, unless a specified exception applies, public entities are immune from liability to persons who suffer injury while engaging in "hazardous recreational activities." (Undesignated statutory references are to the Government Code.) In this case, we conclude the trial court improperly denied a public entity's summary judgment motion because the undisputed material facts show the public entity was immune from liability under section 831.7 for injuries suffered by the plaintiff while tree rope swinging and none of the exceptions in section 831.7 applied.

FACTUAL AND PROCEDURAL BACKGROUND

*The Accident*

Damon Lane County Park in El Cajon (the park) is a 29-acre open space park with trails for hiking, walking and equestrian use. The park has information kiosks, but does not have any structures such as restrooms or a parking lot. The park is owned and controlled by the County of San Diego (the County). The County has a maintenance crew who services the park daily to collect trash and, as needed, clear the trails and cut weeds. Another crew trims trees and cuts up downed trees. Trees posing a falling hazard to trail users are removed, but trees that have fallen off a trail are often left to support the natural habitat. Sometimes a crew will remove parts of trees blocking a trail and leave the rest of the tree, including the stump, so long as it poses no threat to trail users. Off trail areas may include tree stumps or parts of fallen trees or trees that have been cut down.

Benjamin Casteen has been rope swinging at the park since he was 12 years old. On a day in 2012, Casteen, a high school student, used a rope swing tied to a tree at the

2

park.  The tree was located above a ravine.  The rope broke, causing Casteen to fall into the ravine and onto debris located in the ravine.  The debris in the ravine included cut down tree limbs and other brush left by the County's maintenance crews.  Casteen suffered injuries to his head and face.  Although Casteen does not remember the incident, his custom and practice before using a tree rope swing was to visually check the rope and branch it was hanging from, give the rope a big tug or yank to check for strength and then take a tentative short swing on the rope.

The County had no policy requiring maintenance personnel to remove rope swings in the park.  There are no signs posted in the park forbidding tree rope swinging and park personnel doing maintenance never told Casteen to stop tree rope swinging or remove the rope.  A civil engineer who inspected the broken rope opined that the rope had been in the sun for over three months and that the rope broke as a result of ultraviolet-based breakdown of its material.

*The Legal Proceedings*

Casteen sued the County, asserting three causes of action: (1) dangerous condition of public property under section 835 arising from the County's actual and constructive notice of the defective condition of the rope swing, failure to properly maintain the rope swing, failure to protect against the dangerous condition and failure to provide a warning; (2) dangerous condition of public property under section 835 arising from tree debris left in the ravine by the County's personnel; and (3) general negligence, including failing to remove the rope swing.  The County answered the complaint, asserting numerous affirmative defenses, including immunity under section 831.7.

3

The County moved for summary judgment on the ground the park was not in a dangerous condition and it was immune for injuries resulting from tree rope swinging, a hazardous recreational activity. It also argued that the exception to liability under section 831.7, subdivision (c)(1)(A) for failure to guard or warn of a known dangerous condition did not apply because the debris in the ravine did not constitute an additional dangerous condition.

Casteen opposed the motion arguing the County failed to discuss applicable exceptions to the immunity for hazardous recreational activities, each exception involved disputed factual issues, and thus the County failed to meet its burden of showing a complete defense under section 831.7. Specifically, he argued the County was not immune based on exceptions to immunity for its failure to maintain the rope swing in good repair (§ 831.7, subd. (c)(1)(C)), and gross negligence in failing to remove or maintain the rope swing and leaving wood debris in the ravine (§ 831.7, subd. (c)(1)(E)). The County addressed these additional exceptions in its reply brief, arguing they did not apply because it (1) did not construct the rope swing and had no duty to maintain the swing; and (2) it could not be grossly negligent because it had no duty to remove the rope swing and the County did not cause Casteen's injuries.

The trial court denied the County's summary judgment motion. The court concluded that because the County did not construct the tree rope swing, the County had no duty to maintain the swing. It also concluded the exception for gross negligence did not apply because the County had no duty to police the park and remove rope swings and leaving wood debris in the ravine did not constitute negligence as a matter of law.

4

Nonetheless, it denied the motion finding triable issues of material fact existed whether the County deposited wood debris in the ravine and whether the partially hidden wood debris constituted a separate and distinct danger not inherent in the hazardous activity of rope swinging.

The County filed a writ petition claiming the trial court erred in denying its motion because the debris in the ravine did not present a substantial risk of danger to members of the public. We requested an informal response to the petition, indicating we were considering issuing a peremptory writ in the first instance. In his informal response, Casteen argued the County failed to meet its initial burden of negating the exception to its immunity defense for negligent failure to maintain the rope swing. Even assuming the burden of proof shifted, Casteen argued that triable issues of fact existed on the exceptions to immunity for failure to maintain, failure to warn and gross negligence. We issued an order to show cause why the relief presented should not be granted and stayed the action.

We later requested and received, supplemental briefing on application of section 831.2 (immunity for natural condition of unimproved public property), to the facts presented in the parties' separate statements. Although we considered these submissions, we have decided to resolve the matter on section 831.7, the statutory immunity argued by the parties below. The decision to not address section 831.2 is not an opinion on the potential application of this statutory immunity.

# DISCUSSION

## I. *General Legal Principles*

### A. Summary Judgment

Summary judgment is properly granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) Where the defendant is the moving party, it must show that a cause of action has no merit by putting forth evidence that either one or more elements of the cause of action, even if separately pleaded, cannot be established or that a complete defense exists thereto. (Code Civ. Proc., § 437c, subds. (o) & (p)(2); *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*).) If the defendant meets this burden, the burden shifts to the plaintiff to establish that a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (p)(2); *Saelzler*, at p. 768.)

We review the trial court's decision to grant summary judgment de novo. (*Saelzler, supra*, 25 Cal.4th at p. 768.) We must view the evidence submitted in connection with a motion for summary judgment in a light most favorable to the party opposing the motion and resolve "any evidentiary doubts or ambiguities in plaintiff's favor." (*Ibid.*) We independently determine whether the record supports the trial court's conclusions that the asserted claims fail as a matter of law, and we are not bound by the trial court's stated reasoning or rationales. (*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 951.)

B. Public Entity Liability and Immunity

Public entity liability for an act or omission is governed exclusively by statute. (§ 815, subd. (a).) "*Except as provided by statute*, a public entity is liable for injury caused by a dangerous condition of its property . . . ." (§ 835, italics added.) The introductory phrase to section 835 makes clear that another statute can preclude the imposition of liability on a public entity by providing an absolute immunity. (*McCauley v. City of San Diego* (1987) 190 Cal.App.3d 981, 992.) A " 'dangerous condition' means a condition of property that creates a substantial . . . risk of injury when such property . . . is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) The plaintiff is required to establish only "that the condition . . . creates a substantial risk of harm when used with due care by the public generally . . . ." (*Murrell v. State ex rel Dep't of Pub. Works* (1975) 47 Cal.App.3d 264, 267.)

" 'Thus, even though it is foreseeable that persons may use public property without due care, a public entity may not be held liable for failing to take precautions to protect such persons.' [Citations.] Any property can be dangerous if used in a sufficiently abnormal manner; a public entity is required only to make its property safe for reasonably foreseeable careful use." (*Mathews v. City of Cerritos* (1992) 2 Cal.App.4th 1380, 1384.) For example, in *Fredette v. City of Long Beach* (1986) 187 Cal.App.3d 122, which involved a diving accident, the court said, "the absence of the gangplank and the shallowness of the water between the pier and the float were apparent to all users. The physical characteristics of the facility gave immediate notice to those persons exercising due care that diving from the pier

7

was, in and of itself, a hazardous activity that should be avoided. We think it clear that no member of the public may ignore the notice which the condition itself provides." (*Id.* at p. 132.)

Section 831.7 precludes the imposition of liability on a public entity for hazardous recreational activities. Subdivision (a) of section 831.7 provides that a public entity is not liable to any person who participates in a hazardous recreational activity "for any damage or injury to property or persons arising out of that hazardous recreational activity." The purpose of immunity for recreational activities on public land "is to encourage public entities to open their property for public recreational use, because 'the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use.' " (*Armenio v. County of San Mateo* (1994) 28 Cal.App.4th 413, 417.) Accordingly, the focus of the statute was to prevent "recreational users who might injure themselves during hazardous unsupervised activities and attempt to attribute their injuries to conditions of public property" by "limit[ing] liability based on a public entity's failure either to maintain public property or to warn of dangerous conditions on public property." (*Avila v. Citrus Community College Dist.* (2006) 38 Cal.4th 148, 157 (*Avila*).)

A " 'hazardous recreational activity' " is defined by a nonexclusive list of activities that qualify, including "tree rope swinging." (§ 831.7, subd. (b)(1)-(3); *Avila, supra,* 38 Cal.4th at p. 154.) Section 831.7 provides five exceptions to hazardous recreational activity immunity. (§ 831.7, subd. (c)(1)(A)-(E).) As relevant here, these exceptions include: failure to warn or guard against a dangerous condition or another hazardous recreational activity

8

that was not assumed by the participant as an inherent part of the activity out of which the injury arose (*id.* at subd. (c)(1)(A)); negligent failure to properly construct or maintain in good repair recreational equipment utilized in the hazardous recreational activity (*id.* at subd. (c)(1)(C)); and gross negligence by a public entity proximately causing the injury (*id.* at subd. (c)(1)(E)). Notably, section 831.7 further provides that "[n]othing in this subdivision creates a duty of care or basis of liability for personal injury or damage to personal property." (*Id.* at subd. (c)(2).)

Generally, whether a given set of facts and circumstances amounts to a dangerous condition presents a question of fact. (*Biscotti v. Yuba City Unified School Dist.* (2007) 158 Cal.App.4th 554, 558-559 (*Biscotti*).) "Nevertheless, that question may be decided as a matter of law if no reasonable person could conclude the property's condition is dangerous as that term is statutorily defined. [Citations.] In such cases, summary judgment is proper. [Citations.] '[T]he plaintiff has the burden to establish that the condition is one which creates a hazard to persons who foreseeably would use the property with due care.' " (*Id.* at p. 559.)

## II. *Analysis*

### A. Burden of Proving Affirmative Defense

Casteen contends the writ petition should be denied based on the County's failure to meet its initial summary judgment burden on the affirmative defense of section 831.7 because the County failed to address the exceptions to immunity listed in the statute. The County disagrees, asserting the exceptions to immunity are not affirmative defenses.

Generally, where "an affirmative defense contains an exception, a defendant must also negate the exception as part of its initial burden on summary judgment if, but only if,

9

the complaint alleges facts triggering potential applicability of the exception." (*Varshock v. Department of Forestry & Fire Protection* (2011) 194 Cal.App.4th 635, 651.) Here, Casteen's complaint sufficiently alleged facts triggering potential application of the section 831.7 exception to immunity for failing to guard or warn of a known dangerous condition not inherently part of the hazardous recreational activity (§ 831.7, subd. (c)(1)(A)), and failing to maintain in good repair the recreational equipment used in the activity (§ 831.7, subd. (c)(1)(C)). As Casteen correctly notes, the County did not specifically address in its summary judgment motion the exception for failing to maintain in good repair the recreational equipment used in the activity.

Nonetheless, as we shall discuss, the material facts of the accident and the County's conduct are not in dispute. Additionally, the parties fully addressed the failure to maintain exception below and the trial court ruled on its application. Similarly, the parties addressed, and the trial court ruled on, the gross negligence exception even though the complaint failed to allege facts bringing this exception into play. (*Keyes v. Santa Clara Valley Water Dist.* (1982) 128 Cal.App.3d 882, 886 [Plaintiff is obligated to "plead facts sufficient to show his cause of action lies outside the breadth of any applicable statutory immunity."]; *Westlye v. Look Sports, Inc.* (1993) 17 Cal.App.4th 1715, 1738 [the initial burden only requires a defendant seeking summary judgment to address issues raised in the plaintiff's complaint].) Because the material facts are not in dispute, we shall discuss application of the three exceptions addressed by the parties below.

B.  Application of Section 831.7

Section 831.7 expressly provides that, absent an applicable statutory exception, a public entity is immune from liability for injuries arising out of tree rope swinging. (§ 831.7, subd. (a)(3).)  Thus, the question presented is whether any of the three exceptions to immunity argued by the parties allows liability.  We address each exception in turn.

1.  Failure to Warn Exception

Casteen alleged the County negligently failed to remove the tree rope swing and the debris in the ravine.  The trial court found triable issues of material fact existed whether the County deposited wood debris in the ravine and whether the partially hidden wood debris constituted a separate and distinct danger not inherent in the hazardous activity of tree rope swinging.  Casteen contends the trial court correctly applied the failure to warn exception and its ruling should not be disturbed.  We disagree.

Section 831.7, subdivision (c)(1)(A) does not limit liability which would otherwise exist for "[f]ailure of the public entity . . . to guard or warn of a known dangerous condition or of another hazardous recreational activity known to the public entity . . . that is not reasonably assumed by the participant as inherently a part of the hazardous recreational activity out of which the damage or injury arose."  Thus, this exception destroys immunity only where the causal factor was "not reasonably assumed . . . as inherently a part of the hazardous recreational activity out of which the damage or injury arose."  (§ 831.7, subd. (c)(1)(A); *DeVito v. State of California* (1988) 202 Cal.App.3d 264, 271 (*DeVito*).)

11

In *DeVito*, the appellate court affirmed a ruling sustaining a demurrer without leave to amend because the public entity was immune from liability under section 831.7 for personal injuries that resulted when the plaintiff fell while swinging from a fire hose hung from a tree. (*DeVito*, *supra*, 202 Cal.App.3d at pp. 266-267.) The court stated that "the complaint alleged the public entity knew of the dangerous condition of the fire hose hanging from the tree next to the slope. But the danger that a person who swings on the hose might fall down the slope is assumed by the participant as an inherent part of the activity of 'tree rope swinging.' " (*Id.* at p. 272.) Thus, the public entity had no duty to guard or warn against the known dangerous condition of the fire hose swing. (*Ibid.*)

Similarly in *Perez v. City of Los Angeles* (1994) 27 Cal.App.4th 1380 (*Perez*), the appellate court affirmed a ruling sustaining a demurrer without leave to amend where the plaintiff fell while swinging from a rope hung in a tree on public property. (*Id.* at pp. 1382-1383.) The *Perez* court noted that although the public entity knew young children were attracted by, and swung from ropes in trees over rough terrain and high gorges, the public entity had no obligation to take steps to prevent rope swinging by children on public property and was immune from liability for injuries resulting therefrom under section 831.7 because falling from a rope down the slope of a hill or a ravine is assumed by the participant as an inherent part of the activity of tree rope swinging. (*Id.* at pp. 1383-1385.)

The *Perez* court contrasted the situation where a person swinging from a rope jumps "into a body of water where, to the rope swinger's surprise," there were dangerous piranhas or crocodiles whose presence was known by the public entity. (*Perez*, *supra*, 27

12

Cal.App.4th at p. 1384.) In this situation, the *Perez* court opined that "liability could be premised on the public entity's failure 'to guard or warn of a known dangerous condition' (§ 831.7, subd. (c)(1)), i.e., the dangerous fish or reptiles, despite the legal characterization of tree rope swinging as a hazardous recreational activity." (*Ibid.*)

Thus, for this exception to apply, the injury must be "suffered at least in part because the [public entity] failed to warn or guard against some additional dangerous condition . . . for which no immunity is specified and which is not an inherent part . . . of the risk presented" by the hazardous activity. (*Perez*, *supra*, 27 Cal.App.4th at p. 1383; internal quotes omitted.) A "[d]angerous condition" is defined as a condition of property creating a substantial risk of injury when such property is used with "due care." (§ 830, subd. (a).) "Cases holding public entities liable for failure to warn of dangerous conditions are based on the presence of an actual dangerous physical defect or an otherwise dangerous condition which was not apparent to persons using the property with due care. [Citations.] In all such cases, the inability of any user to see or appreciate the danger remained a constant feature of the property whether used by careless or careful persons." (*Fredette*, *supra*, 187 Cal.App.3d at pp. 122, 131-132.)

We conclude that the debris in the ravine, including partially hidden freshly cut wood left by County personnel, did not create a substantial risk of injury when the park is used with due care. Here, Casteen's act of swinging from a rope at least 10 feet off the ground is not using the park with due care. Rather such activity is, as a matter of law, hazardous. (§ 831.7, subd. (b)(3).) Casteen presented no evidence showing the debris in the ravine posed a substantial risk of danger to any member of the general public using the park with

13

due care. Accordingly, we reject his contention that the debris posed an additional dangerous condition that the County had a duty to guard against or warn of.

Moreover, the debris in the ravine is not akin to dangerous fish or reptiles lurking underwater, unseen by anyone looking at the body of water and posing a danger to all users — those individuals using due care, as well as individuals jumping or falling from a rope swing. Rather, anyone looking into the ravine could see it was cluttered with tree debris. This debris could hide rocks, larger fallen branches or tree cuttings left by the County's maintenance personnel. Should a tree rope swing break, the danger posed to the user of the swing by the ground itself or *any type* of debris on the ground or in the ravine, natural or manmade, was obvious. Landing on the ground or something located on the ground that could cause injury is reasonably assumed as an inherent risk of tree rope swinging. Accordingly, the section 831.7, subdivision (c)(1)(A) exception to immunity does not apply.

Casteen claimed he did not consider tree rope swinging to be a dangerous activity that created a substantial risk of injury to himself. His subjective belief regarding the risk of injury is irrelevant as "the statute refers to the reasonable assumption of the public generally (i.e., what a reasonable participant would assume to be inherent in the activity)." (*Perez*, *supra*, 27 Cal.App.4th at p. 1387.) Even assuming Casteen's subjective belief was relevant, his assertion is belied by his custom and practice of testing the rope and branch before using a rope swing. By using a tree rope swing, Casteen reasonably assumed that an inherent part of the activity included the possibility that the

14

rope or branch might break and he could be injured falling to the ground or into the debris filled ravine.

2.  Failure to Maintain Exception

Section 831.7, subdivision (c)(1)(C) does not limit liability which would otherwise exist for injuries proximately caused by the negligent failure of a public entity "to properly construct or maintain in good repair any structure, recreational equipment or machinery, or substantial work of improvement utilized in the hazardous recreational activity out of which the damage or injury arose." By its own terms, this exception could only apply to the rope swing as the debris in the ravine was not "utilized" in the hazardous recreational activity.

Casteen did not allege that the County constructed the rope swing. Rather, he alleged the County had notice of the existence of the tree rope swing and negligently failed to maintain the rope swing in good repair or remove it. He argues that when the Legislature enacted the negligent failure to repair exception in section 831.7 the Legislature could not have intended the County to escape liability if someone leaves a tree rope swing, trampoline or bicycle jumping ramp in a County park, knowing the items are in disrepair.

Casteen reasons that section 831.7, subdivision (c)(1)(C) expressly preserves "liability that would otherwise exist" for the County's negligent failure to maintain the rope swing in good repair, contending that absent the section 831.7 immunity, the County would otherwise be liable for failing to maintain or remove the rope swing, even if the condition was created solely by an unknown third party, because the County had actual or constructive notice of its

15

existence and the dangerous condition for a long enough period of time to "protect against" the danger (§ 835, subd. (b)), and because the duty to "protect against" a known danger includes "repairing, remedying or correcting the dangerous condition" or "providing safeguards against the dangerous condition." (§ 830, subd. (b).)

We disagree with Casteen's assertion that the County would otherwise be liable for its failure to maintain or remove the rope swing absent the section 831.7 immunity. This argument presupposes that the mere existence of the rope swing, in whatever condition, constituted a dangerous condition. Again, a "dangerous condition" is a condition of property creating a substantial risk of injury when such property is used with "due care." (§ 830, subd. (a).) The mere existence of the rope swing did not create a substantial risk of injury when the park is used with "due care." (§ 830, subd. (a).) Rather, as a matter of law, individuals engaging in hazardous recreational activities utilizing recreational equipment abandoned by unknown third parties on public property are not exercising due care. Public entities do not have a duty to maintain or remove all items on public lands that could potentially pose hazards to individuals not exercising due care.

Moreover, had the County removed the tree rope swing, someone could have easily installed another one. Casteen is seeking to impose a duty on public entities to bear the cost of continually policing potentially large expanses of public lands for recreational equipment left by third parties and become experts in various pieces of abandoned recreational equipment to discern whether the abandoned equipment is in good repair. Imposing such a duty would dissuade public entities from opening their land for public enjoyment. In contrast, it costs users of public land, such as Casteen, nothing

16

to simply avoid abandoned recreational equipment. As another court observed, "[t]here is a limit as to how far society should go by way of direct governmental regulation of commercial and private activity, or indirect regulation thereof through the tort system, in order to protect individuals from their own stupidity, carelessness, daring or self-destructive impulses." (*Edwards v. California Sports, Inc.* (1988) 206 Cal.App.3d 1284, 1288.)

3. Gross Negligence Exception

Section 831.7, subdivision (c)(1)(E) does not limit liability which would otherwise exist for "[a]n act of gross negligence by a public entity . . . that is the proximate cause of the injury." Gross negligence is generally defined as " ' "the want of even scant care or an extreme departure from the ordinary standard of conduct." ' " (*Decker v. City of Imperial Beach* (1989) 209 Cal.App.3d 349, 358.) Here, it is undisputed that the County did not install or construct the rope swing. As we have discussed, the debris in the ravine and mere existence of the rope swing did not constitute dangerous conditions as they posed a trivial risk of injury when the property is used with due care. Public entities do not have a duty to maintain or remove all items on public lands that could potentially pose hazards to individuals not exercising due care. Additionally, the risk of falling on debris should a tree rope swing break is an inherent risk of that activity. Thus, the County had no duty to guard against or warn of these inherent risks. The evidence does not show the County acted negligently; accordingly, the gross negligence exception to the hazardous recreational activity immunity provided by section 831.7, subdivision (a) does not apply.

## DISPOSITION

Let a writ of mandate issue directing respondent to vacate its order denying petitioner's motion for summary judgment and to enter a new order granting the motion. The stay previously issued by this court is dissolved. Petitioner is entitled to its costs in this proceeding.


                                                                          McINTYRE, J.

WE CONCUR:


McDONALD, Acting P. J.


O'ROURKE, J.