Filed 8/23/23 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| TANNER ALTIZER, | |
| Plaintiff and Appellant, | E078037 |
| v. | (Super. Ct. No. PSC1902390) |
| COACHELLA VALLEY CONSERVATION COMMISSION, | **ORDER MODIFYING OPINION** [NO CHANGE IN JUDGMENT] |
| Defendant and Respondent. | |

The opinion filed in this matter on August 21, 2023, is modified as follows:

The attached Appendix A and photographs are to be attached to the opinion.

Except for this modification, the opinion remains unchanged. This modification does not effect a change in the judgment.

CERTIFIED FOR PUBLICATION

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

1

# APPENDIX
# A



EXHIBIT 8

EXHIBIT 8
410

3



EXHIBIT 8

EXHIBIT 8
411

4



EXHIBIT 8

EXHIBIT 8
412

5





EXHIBIT 8

EXHIBIT 8
414

Filed 8/21/23 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| TANNER ALTIZER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COACHELLA VALLEY<br>CONSERVATION COMMISSION,<br><br>    Defendant and Respondent. | E078037<br><br>(Super. Ct. No. PSC1902390)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Ronald L. Johnson,

Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant

to art. VI, § 6 of the Cal. Const.)  Affirmed.

Herzog, Yuhas, Ehrlich & Ardell, Ian Herzog and Evan D. Marshall, for Plaintiff

and Appellant.

McCormick, Mitchell & Rasmussen, John P. McCormick, Konrad M. Rasmussen

and Brett L. Cirincione, for Defendant and Respondent.

1

# I.

## INTRODUCTION

Appellant Tanner Altizer suffered serious injuries when he ran into a suspended cable fence while riding his off-road motorcycle on an unpaved area in an unoccupied area of the desert. The owner of the property, respondent the Coachella Valley Conservation Commission (the Commission), placed the cable fence around its property to stop illegal dumping and off-road vehicles in order to protect the sensitive habitat.

Altizer sued the Commission, alleging that the cable fence created a dangerous condition on public property. The trial court granted summary judgment for the Commission, and Altizer appeals. We conclude the Commission is entitled to hazardous recreational activity immunity under Government Code section 831.7[1] and affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

The Commission is a public entity that acquires and maintains property to preserve habitat for sensitive animals and plants. One of its properties is a 160-acre piece of unoccupied desert land in the Little Morongo Wash in Desert Hot Springs, where Altizer's crash occurred (the property).

---

[1] Unless otherwise indicated, all further statutory references are to the Government Code.

The property consists of several parcels between residential areas. Public, paved streets run north-south of the property: Little Morongo Road is on the west and Cholla Drive is on the east. Ironwood Drive, which is unpaved, runs east-west across the property. The unpaved, dirt portion of Ironwood Drive connecting Little Morongo Road and Cholla that crosses the Commission's property is a Southern California Edison utility easement to access power poles (the Edison easement).

About 30 feet adjacent to the Edison easement are two parallel east-west, unpaved trails. The southern dirt trail is a "scar" on the land from the installation of an underground pipeline.

In 2014, the Commission decided to fence off the perimeter of the property because of vehicular traffic and illegal trash dumping. The Commission opted to use a fence consisting of 5/16" metal cable suspended about 3.5 feet in the air and supported by galvanized posts every 15 feet. (See Appendix A.) Four gates were installed, including ones across the Edison easement on the western and eastern perimeters of the property. The gate is about a quarter-mile from Little Morongo road.

On the morning of June 1, 2018, Altizer stopped at a Circle K to get gas for his Suzuki 250 motorcycle before heading to his sister's house for coffee. While there, he began talking to Leah Bowles and offered her a ride.

With Bowles as his passenger, Altizer made his way to his sister's house. He turned to go north on Little Morongo, then turned right near the Edison easement. Altizer saw two tracks where he turned and thought they comprised a single road. He kept to the right (southern) part of the track, which was the "scar" in the land about 30 feet south of the Edison easement.

Altizer rode down the path at about 20 to 25 miles per hour. After traveling about a quarter mile on the path, Altizer approached the Commission's cable fence. He did not see the cable or its adjacent support post until he was about 10 to 15 feet away. Altizer braked, but he could not stop before hitting the cable.[2] His body collided with the cable, which caused him serious injuries that required him to spend two months in the hospital.

Altizer sued the Commission for negligence, alleging that the cable fence created a dangerous condition of public property (§ 835).[3] The Commission moved for summary judgment on several grounds, including that (1) the cable fence is not a dangerous condition and, even if it is, (2) the Commission is entitled to design immunity under section 830.6, and (3) hazardous recreational immunity under section 831.7. The trial court granted the motion, finding that the Commission was entitled to design immunity because "the design for the subject post and cable fence as presented was reasonable

---

[2] Photographs taken at the crash scene are attached as Appendix A.

[3] Altizer sued other defendants for this and brought other claims. Those defendants are not parties to this appeal and Altizer's other claims are not at issue.

and . . . did not present a significant danger when used with due care." The court

therefore entered judgment for the Commission. Altizer timely appealed.

III.

DISCUSSION

The Commission argues it is immune from liability under various Government

Code provisions. We conclude the Commission is immune under section 831.7, which

immunizes public entities from liability if the plaintiff was injured while engaging in a

"hazardous recreational activity."[4] We further conclude that the failure-to-warn

exception to hazardous recreational activity immunity that Altizer relies on does not

apply here. (§ 831.7, subd. (c)(1)(A).) The Commission is therefore immune from

liability for Altizer's section 835 claim.

    1. *Summary Judgment Principles and Standard of Review*

"A party moving for summary judgment bears the burden of persuasion there is no

triable issue of material fact and is entitled to judgment as a matter of law. A defendant

satisfies this burden by showing one or more elements of the cause of action in question

---

[4] At oral argument, Altizer argued that Code of Civil Procedure section 437c, subdivision (m)(2) precluded us from deciding the case on this ground because the trial court granted summary judgment on other grounds. (See Code Civ. Proc., § 437c, subd. (m)(2) ["Before a reviewing court affirms an order granting summary judgment or summary adjudication on a ground not relied upon by the trial court, the reviewing court shall afford the parties an opportunity to present their views on the issue by submitting supplemental briefs."].) We disagree. The parties thoroughly briefed the issue below and before this court, so we may decide the case on that basis. (See *Byars v. SCME Mortgage Bankers, Inc.* (2003) 109 Cal.App.4th 1134, 1147; *Bains v. Moores* (2009) 172 Cal.App.4th 445, 471, fn. 39; *Flores v. Enterprise Rent-A-Car Co.* (2010) 188 Cal.App.4th 1055, 1072, fn. 10.)

5

cannot be established or there is a complete defense to that cause of action.  If the defendant meets this initial burden, the opposing party must then make a prima facie showing of the existence of a triable issue of material fact.  [Citation.]  [¶]  We review the denial of a motion for summary judgment de novo.  [Citation.]  We strictly construe the moving party's affidavits and liberally construe the opposing party's affidavits.  We accept as undisputed facts only those portions of the moving party's evidence that are not contradicted by the opposing party's evidence.  (*City of San Diego v. Superior Court* (2006) 137 Cal.App.4th 21, 25.)  Thus, "[w]hen deciding whether to grant summary judgment, the court must consider all of the evidence set forth in the papers (except evidence to which the court has sustained an objection), as well as all reasonable inferences that may be drawn from that evidence, in the light most favorable to the party opposing summary judgment."  (*Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 467.)

2.  *Hazardous Recreational Activity Immunity*

Section 831.7 precludes the imposition of liability on a public entity or public employee for injuries "arising out of" hazardous recreational activities conducted on public property.  The statute defines "hazardous recreational activity" in several ways.  (§ 831.7, subd. (b)(1)-(3).)  The statute first defines it as "a recreational activity conducted on property of a public entity that creates a substantial, as distinguished from a minor, trivial, or insignificant, risk of injury to a participant or a spectator."  (§ 831.7, subd. (b).)  A "'hazardous recreational activity'" also is defined by a nonexclusive list of

6

activities, which includes "off-road motorcycling . . . *of any kind*." (Gov. Code, § 831.7, subd. (b)(3), italics added.)

The parties dispute whether Altizer was engaging in a hazardous recreational activity under section 831.7 when he crashed. The Commission argues Altizer was engaged in one given that he was "off-road motorcycling" at the time (§ 831.7, subd. (b)(3).). Altizer contends that there is "[a]t best" a factual dispute about whether he was engaged in a *recreational* activity when he crashed because he was traveling across the Commission's property not for recreation, but to avoid traffic.

We agree with the Commission. In subdivision (b) of section 831.7, the Legislature's first definition of "hazardous recreational activity" as "a recreational activity conducted" on public property that creates a substantial risk of injury suggests that the activity must be recreational, as Altizer contends. But section 831.7, subdivision (b)(3) focuses on type the activity, not its purpose. As relevant here, it provides that "[h]azardous recreational activity' *also* means . . . off-road motorcycling . . . *of any kind*," regardless of its purpose. (§ 831.7, subd. (b)(3), italics added.) This broad definition covers Altizer given that he was riding an off-road motorcycle on an unpaved, dirt area of the Commission's property when he collided with the cable. (See *Wood v. County of San Joaquin* (2003) 111 Cal.App.4th 960, 969 ["'[T]he fact that a *specific* activity is listed *lends weight* to a public entity's defense that a claimant injured in a specific activity is engaged in a "hazardous recreational activity"'"].) We, therefore, conclude Altizer was participating in a "hazardous recreational activity" under section 831.7, subdivision

7

(b)(3).  (See *Decker v. City of Imperial Beach* (1989) 209 Cal.App.3d 349, 354 [holding surfing is hazardous recreational activity because it is "specifically included" in the list of such activities in section 831.7, subdivision (b)(3)]; *Perez v. City of Los Angeles* (1994) 27 Cal.App.4th 1380, 1381 [finding plaintiff engaged in hazardous recreational activity of tree rope swinging, which is "[s]pecifically listed among the hazardous recreational activities" in section 831.7, subdivision (b)(3)].)[5]

Altizer argues, however, that the Commission is not entitled to hazardous recreational immunity under the "failure to warn exception" in section 831.7, subdivision (c)(1).[6]  This exception does not apply when a plaintiff was injured while engaging in a hazardous recreational activity "unless the injury was suffered at least in part because the [public entity] failed to warn or guard against some additional 'dangerous condition' . . . for which no immunity is specified and which is not 'an inherent part' [citation] of the

---

[5] We reject Altizer's brief argument that applying hazardous recreational activity immunity here would undermine its purpose, which he claims is to encourage recreational use of public property.  The case he cites for that proposition concerned only trail immunity, so it does not apply here.  (*Loeb v. County of San Diego* (2019) 43 Cal.App.5th 421, 431; *Howard Jarvis Taxpayers Association v. Newsom* (2019) 39 Cal.App.5th 158, 169 ["'[C]ases are not authority for propositions not considered.'"].)

[6] This provision states in full:  "(c) Notwithstanding the [immunity] provisions of subdivision (a), this section does not limit liability which would otherwise exist for any of the following:  "(1) Failure of the public entity or employee to guard or warn of a known dangerous condition or of another hazardous recreational activity known to the public entity or employee that is not reasonably assumed by the participant as inherently a part of the hazardous recreational activity out of which the damage or injury arose." (§ 831.7.)

8

risk presented generally by the specified hazardous activity." (*Perez v. City of Los Angeles*, *supra*, 27 Cal.App.4th at p. 1383.)[7]

A "dangerous condition" is a "condition of property that creates a substantial . . . risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) For this reason, "'[c]ases holding public entities liable for failure to warn of dangerous conditions are based on the presence of an actual dangerous physical defect or an otherwise dangerous condition which was not apparent to persons using the property with due care. [Citations.] In all such cases, the inability of *any user* to see or appreciate the danger remained a constant feature of the property *whether used by careless or careful persons*.'" (*County of San Diego v. Superior Court* (2015) 242 Cal.App.4th 460, 471 (*County of San Diego*), italics added.)

Altizer's riding his off-road motorcycle off the paved street and on to the Commission's unpaved, dirt property was not using the property with due care. "Rather such activity is, as a matter of law, hazardous" under section 831.7, subdivision (b)(3). (*County of San Diego*, *supra*, 242 Cal.App.4th at p. 472.) It may be true that Altizer was unable to see the cable fence from a sufficient distance to safely stop. But there is no evidence in the record that the cable fence "posed a substantial risk of danger to any member of the general public using the [Commission's property] with due care." (*Ibid*.)

---

[7] Altizer also quotes another exception to recreational immunity provided in section 831.7, subdivision (c)(1)(C), but we need not consider it because he makes no argument as to whether it applies here.

9

As the Commission emphasizes, the section of the cable fence Altizer collided with is unobscured and clearly observable (see Appendix A), particularly to anyone approaching at a safe speed, such as by bicycle or foot. (See *Ibid.* [no duty to warn of risk posed by debris because it was "obvious" to "individuals using due care"].) Because the cable fence did not pose a danger to anyone traveling down the path Altizer took, with or without due care, it was not an "additional dangerous condition" that the Commission had a duty to warn of. (*Ibid.*)

The Commission also had no duty to warn Altizer of the cable fence because he reasonably assumed the risk of running into it. Whether the injury-producing risk is reasonably assumed as an inherent part of the activity is an objective standard that asks "what a reasonable participant would assume to be inherent in the activity." (*Perez v. City of Los Angeles*, *supra*, 27 Cal.App.4th at p. 1387.) Thus, "a plaintiff's knowledge of any particular risks is irrelevant." (*Ibid.*)

The parties frame the risk at issue here differently. Altizer contends he did not assume the risk of running into "an obscure device that would catch motorcycle riders unawares" and thus the Commission's cable fence is not an inherent risk of off-road motorcycling. The Commission, on the other hand, argues that "[t]he possibility of colliding with fencing and other barricades, as well as natural and artificial features, is an inherent danger associated with riding an off-road motorcycle through the desert."

10

To decide whether a risk is inherent in a recreational activity, we may consider "not only [our] own or common experience with the recreational activity involved but may also consult case law, other published materials, and documentary evidence introduced by the parties on a motion for summary judgment." (*Nalwa v. Cedar Fair, L.P.* (2012) 55 Cal.4th 1148, 1158.)[8]

Neither party cites documentary evidence in the record to support their position. Nor do the parties cite any analogous authority, likely because the few pertinent published cases that have considered the failure to warn exception to hazardous recreational immunity involved different activities with different inherent risks. (E.g., *Mubanda v. City of Santa Barbara* (2022) 74 Cal.App.5th 256, 264 [falling into water and drowning is inherent risk of stand-up paddleboarding]; *County of San Diego*, *supra*, 242 Cal.App.4th at p. 472 [falling to ground is inherent risk of tree rope swinging]; *Wood v. County of San Joaquin*, *supra*, 111 Cal.App.4th at p. 964 [colliding with motorboat is inherent risk of canoeing in public waterway].) These cases do not provide much guidance here, and we are unaware of any published case that has discussed the inherent risks of off-road motorcycling in the context of section 831.6 or analogous situations.

---

[8] Although this holding pertains to determining a recreational activity's inherent risks in the assumption of risk doctrine context, we believe it applies here. (*Nalwa v. Cedar Fair, L.P.*, *supra*, 55 Cal.4th at pp. 1164-1165, citing *Avila v. Citrus Community College District* (2006) 38 Cal.4th 148, 169-174 [discussing section 831.7 immunity].) In both contexts, courts must decide whether a given risk is inherent to a recreational activity and thus whether the plaintiff reasonably assumed the risk by participating in the activity. (See *id*. at pp. 1154-1156.)

11

Common experience, however, suggests that Altizer reasonably assumed the risk of colliding with natural and unnatural objects when he rode off-road through public and private unpaved, unoccupied desert property. More specifically, a reasonable participant in off-road dirt biking on undeveloped desert land where Altizer rode his dirt bike off-road would assume the risk of encountering fencing. Desert land throughout Riverside County, especially undeveloped land, is often peppered with fences of varying materials and sizes that demarcate property lines. Barbed wire fencing, which is generally thinner (and thus less visible) than the Commission's cable fence, is commonly used throughout the deserts of Riverside County.

By riding his dirt bike 20 to 25 miles per hour off a designated road to take a dirt shortcut through a patchwork of public and private property and onto a portion of the Commission's property not designated or intended for vehicular traffic, Altizer assumed the inherent risk of colliding with fencing, barricades, or other debris. The Commission had no duty to warn of the inherent risk posed by its cable fence under section 831.7, subdivision (c)(1)(A). (See *County of San Diego*, *supra*, 242 Cal.App.4th at p. 472.)

For the foregoing reasons, we conclude the Commission is entitled to hazardous recreational activity immunity from Altizer's claim under section 831.7. As a result, the trial court correctly granted the Commission summary judgment, and we need not resolve the parties' remaining arguments.

12

IV.

DISPOSITION

The judgment is affirmed.  The Commission may recover its costs on appeal.

CERTIFIED FOR PUBLICATION

CODRINGTON

J.

We concur:


McKINSTER

Acting P. J.


RAPHAEL

J.

13